

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-20-2009

# USA v. Gary Ramsey

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2760

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Gary Ramsey" (2009). *2009 Decisions.* Paper 410.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/410

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-322                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2760
_____

UNITED STATES OF AMERICA

v.

GARY RAMSEY,
also known as "ROCK"

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 01-cr-00005-004)
District Judge:  Honorable William H. Yohn

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
September 24, 2009

Before: RENDELL, HARDIMAN and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 20, 2009)
_____

OPINION
_____

PER CURIAM

Appellant Gary Ramsey, a federal prisoner proceeding pro <u>se</u>, appeals from the

decision of the District Court denying in part his "Motion for Order Corrections to

Presentence Report." Ramsey was convicted in 2001 of numerous charges stemming from two armed bank robberies he orchestrated in 2000. His sentence was enhanced because of his career-offender status and aggravating factors related to the robberies. As a result, he received a sentence of 900 months' imprisonment. Ramsey filed a direct appeal challenging his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000), and we affirmed. United States v. Ramsey, No. 02-3855 (order entered on October 3, 2003).

In 2004, Ramsey filed a motion under 28 U.S.C. § 2255, in which he raised 20 claims for relief. Among these, he argued that he should be resentenced because: 1) a state court vacated a conviction that served as a predicate to the career offender enhancement applied at sentencing; and 2) his sentence violated the constitutional rule of criminal procedure established in United States v. Booker, 543 U.S. 220 (2005), and that he should be able to present an argument based on that case on habeas review because he raised a similar claim based on Apprendi on direct appeal. The District Court denied relief, and we declined to issue a certificate of appealability. United States v. Ramsey, No. 06-1671 (order entered September 6, 2006).

Recently, Ramsey filed a motion in the District Court raising the two resentencing claims from his § 2255 motion and requesting that his pre-sentence investigation report be revised to reflect the change in his criminal history and its effect on his potential range under the Sentencing Guidelines. The District Court granted his request to revise the pre-sentence report, but denied the other claims as previously litigated and/or frivolous.

Ramsey filed a timely appeal. The Clerk listed the case for possible summary action, and Ramsey then filed a motion for summary reversal, in which he rehashes his resentencing arguments and attacks the District Court's decisions regarding his § 2255 case and the motion underlying this appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In denying Ramsey's resentencing claims, the District Court reasoned that those claims were previously litigated and/or legally frivolous. Though we agree that those claims were already litigated, we note that the District Court actually lacked authority to entertain them at all. An attempt to advance claims that attack the validity of an underlying conviction following the denial of a § 2255 motion should be treated as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005); Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). Absent authorization from the Court of Appeals, the District Court lacks the authority to adjudicate a second or successive § 2255 motion. See Pridgen, 380 F.3d at 725 (citing § 2244(b)). Here, Ramsey's motion clearly raised claims – already presented in his § 2255 motion – that attacked the validity of his sentence. Thus, the District Court properly declined to entertain what amounted to an unauthorized second § 2255 motion.

We may take summary action when an appeal presents no substantial question. See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6. For the reasons given, Ramsey's attempt to re-advance his sentencing claims was clearly meritless, as he did not have permission to

proceed with a second or successive § 2255 motion.[1]

Accordingly, we will summarily affirm the judgment of the District Court.

Ramsey's own motion for summary reversal is denied.

---

[1] Even if Ramsey satisfied the requirements for filing a second § 2255 motion, which he clearly does not, see 28 U.S.C. § 2244(b)(2), his claims likely could not receive consideration because they have already been raised and rejected in § 2255 proceedings. See § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."); United States v. Bendolph, 409 F.3d 155, 163 (3d Cir. 2005) (holding that motions under § 2255 and § 2254 should be treated "the same absent sound reason to do otherwise").